

U.S. District Court
Wisconsin Eastern

AUG 2 8 2024

FILED
Clerk of Court

| | |
|---|---|
| Frank Marshall and,<br>Vicki Marshall,<br>              Plaintiffs,<br>              *v.*<br><br>WISCONSIN ELECTION COMMISSION,<br>Ann S. Jacobs, Chair, Mark L. Thomsen,<br>Vice-Chair, Carrie Riepl, Robert F. Spindell,<br>Jr., Marge Bostelmann, and Meagan Wolfe,<br>in their official capacities<br><br>              *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _24-C-1095<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT

Plaintiffs Pro Se Frank Marshall and Vicki Marshall, file their verified complaint respectfully requesting entry of a declaratory judgment and other relief pursuant to 42 U.S.C. § 1983 against Defendants Wisconsin Election Commission ("WEC") and its members Ann S. Jacobs, Mark L. Thomsen, Carrie Riepl, Robert F. Spindell, Jr., Marge Bostelmann, and Meagan Wolfe ("Members") in their official capacities at the WEC, and in support state as follows.

### Nature of the Case

1.    This is an action seeking relief through 42 U.S.C. § 1983 for violations of Plaintiffs' First and Fourteenth Amendment rights by the Defendants, all of whom are state actors that have unlawfully removed from the November 5, 2024 general

1

election ballot Plaintiffs and eight (8) other independent presidential elector candidates (hereinafter collectively known as "Elector Candidates") who filed Nomination Papers to be Electors of the President and Vice President of the United States for pledged independent candidate for President Dr. Shiva Ayyadurai, who is a resident and voter in the State of Massachusetts, and pledged independent Vice-President candidate, Crystal Ellis, who is a resident and voter in the State of Nebraska (together "Pledged Candidates" or "Dr.SHIVA"), to be voted upon at the November 5, 2024 general election.

2. The Defendants have accepted and commenced proceedings through a defective objector's petition that challenges the validity of the Nomination Papers; however, as will be explained *infra*, Defendants lack statutory authority that confers subject matter jurisdiction over the Nomination Papers and lack personal jurisdiction over Plaintiffs and 8 other Elector Candidates as well, since they were neither named as Respondent parties in the WEC proceeding nor were they served with a proper objector's petition that fully stated the nature of an objection against Plaintiffs and the 8 other Wisconsin residents that sought ballot access as Elector Candidates.

3. Plaintiffs respectfully request a declaratory judgment regarding the jurisdiction of the Defendants to take action in relation to Plaintiffs Nomination Papers, and preliminary and permanent injunction orders against the Defendants to: (a) nullify the Defendant's decision on the objector's petition, and (b) enjoin Defendants from removing Plaintiffs and the 8 other independent Elector Candidates from the November 5, 2024 ballot through such decision rendered by the WEC on proceedings held by the WEC ("WEC proceeding") on August 27, 2024

2

using a defective objector's petition captioned *Michael Hoffman v. Shiva Ayyadurai* ("Objector's Petition") attached herein as **Exhibit A**, which was responded by Dr. Shiva Ayyadurai's *Motion to Dismiss* attached herein as **Exhibit B**. In addition, Plaintiff Frank Marshall, one of the Elector Candidates, attended the hearing and provided the following statement attached herein **Exhibit C.** In addition, Pledged Candidate Dr. Shiva Ayyadurai, also attended the hearing and provided his statement attached herein in **Exhibit D.**

## Parties

4.     Plaintiff Pro Se Frank Marshall is a Wisconsin resident and voter residing in Wisconsin, and is a candidate for the federal office of "Elector of President and Vice-President of the United States" as defined in the U.S. Constitution, Art. II, Sec. 1.

5.     Plaintiff Pro Se Vicky Marshall is a Wisconsin resident and voter residing in Wisconsin, and is a candidate for the federal office of "Elector of President and Vice-President of the United States" as defined in the U.S. Constitution, Art. II, Sec. 1.

6.     Plaintiffs aforementioned in (4-5) and 8 other independent Electors have pledged their Electoral College votes to Dr. Shiva Ayyadurai for President and Crystal Ellis for Vice President should Plaintiffs and the 8 other Elector candidates be elected by Wisconsin voters at the general election on November 5, 2024.

7.     Plaintiffs are 2 of the 10 independent candidates for the federal office of "Elector for President and Vice President of the United States" (herein refered to

3

as "10 Elector Candidates") and in addition, Plaintiffs were circulators of voter-signed petition sheets gathered for the purpose of gaining ballot access for the following slate of Wisconsin residents as Elector candidates at the November 5, 2024 general election:

**List of Wisconsin Residents Who Are Candidates for Office of Electors of President and Vice President of the United States pledged to Dr.SHIVA**

|  | Name | Residence & P.O. Address (Include Municipality and State) |
|---|---|---|
| President | Shiva Ayyadurai | 69 Snake Hill Road Belmont, MA 02478 |
| Vice President | Crystal Ellis | 11909 N. 58th St. Omaha, NE 68152 |
| Presidential Electors: | | |
| 1st Congressional District | Lisa M Sevey | 1189 N School St. Silver Lake WI 53170 |
| 2nd Congressional District | Enes Cakir | 121 W Gilman St. Unit 1001 Madison WI 53703 |
| 3rd Congressional District | Nathan Bord | 5320 Richland Heights Ct Wisconsin Rapids WI 54494 |
| 4th Congressional District | John F O'Brien | 2497 N Oakland Ave Apt 209 Milwaukee WI 53211 |
| 5th Congressional District | Lisa Case Burgos | 2737 W Bottsford Ave Greenfield WI 53221 |
| 6th Congressional District | Richard Thomas Dernulc | 5232 Wild Meadow Dr. Sheboygan WI 53083 |
| 7th Congressional District | Danielle Dione Koprowski | W3590 Highway 63 Springbrook WI 54875 |
| 8th Congressional District | Frank Robert Marshall | 4270 White Pine Dr. Pittsfield/Green Bay WI 54313 |
| At Large | Vickie Joy Marshall | 4270 White Pine Dr. Pittsfield/Green Bay WI 54313 |
| At Large | Joseph G Stodola | W8441 State Highway 64 Pound WI 54161 |

8.     Each of the foregoing 10 Elector Candidates is equally subjected to the same denial of First and Fourteenth Amendment rights by the Defendants, and to the same degree as Defendants are denying these rights to Plaintiffs; the harm suffered by Plaintiffs is being suffered equally by all 10 Elector Candidates.

10.     Defendant, Wisconsin Election Commission (hereinafter, "WEC"), is comprised of seven members; three members must be affiliated with the Democratic Party and three members must be affiliated with the Republican Party;

4

and, one member is the Administrator. In this Verified Complaint, one of the Commissioners, Don M. Millis, of the WEC is not included since he voted in the WEC Proceeding for **not removing Plaintiffs and 8 other Elector Candidates.** The WEC is a statutorily-created state agency that has duties defined in the Wisconsin Election Code, *Wis. Stat. § 8.07, Wis. Stat. § 5.05*. Defendants maintain offices in Wisconsin.

11.     Defendant, Ann S. Jacobs is a member and the current Chair of the WEC, and is named in her official capacity as a member of the WEC. Defendant maintains offices in Wisconsin.

12.     Defendant, Mark L. Thomsen is a member and current Vice-Chair of the WEC, and is named in his official capacity as a member of the WEC. Defendant maintains offices in Wisconsin.

13.     Defendants, Carrie Riepl, Robert F. Spindell, Jr., Marge Bostelmann, and Meagan Wolfe are members of the WEC, and are named in their official capacities as members of the WEC. Defendants maintain offices in Wisconsin.

14.     By operation of the Wisconsin Election Code, an objector's petition to Wisconsin offices is filed with the WEC. WEC then conducts a hearing on the objector's petition against specifically listed candidates on the Wisconsin ballot and delivers a decision. *Wis. Stat. § 5.05*.

10.     On August 27, 2024, the WEC convened a hearing to reviewing objections to the Nomination Papers submitted by the 10 Elector Candidates raised in the Objector's Petition captioned *Michael Hoffman v. Shiva Ayyadurai.* The WEC presides over all such objector proceeding for the purpose of receiving evidence and making a decision.

5

15. At all times relevant to this action, all Defendants were engaged in state action and acting under color of state law.

16. Defendants are being sued in their official capacities for declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, as well as for costs and attorney's fees under 42 U.S.C. § 1988(b).

## Jurisdiction

17. Jurisdiction in this case is predicated on 28 U.S.C. § 1331, 1343(a)(3), and 1343(a)(4) this being a case arising under the Constitution of the United States and 42 U.S.C. § 1983 and 1988.

## Venue

18. Venue is proper in this District under 28 U.S.C. 1391(b) because Defendants have an office and regularly convene every meeting in Wisconsin.

## Relevant Facts

20. Wisconsin classifies general-election candidates into three groups: those affiliated with an 'established' political party, those affiliated with a 'new' political party, and those running as independents.

21. Concerning the appointment of Electors of the President and Vice President of the United States, the U.S. Constitution creates and defines the **Electoral College as the (only) process by which each state's Electors vote by ballot to elect the President and Vice President of the United States, as follows:**

6

The executive Power shall be vested in a President of the United States of America. He shall hold his Office during the Term of four Years, and, together with the Vice President, chosen for the same Term, be elected, as follows

Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress: but no Senator or Representative, or Person holding an Office of Trust or Profit under the United States, shall be appointed an Elector.

The Electors shall meet in their respective States, and vote by Ballot for two Persons, of whom one at least shall not be an Inhabitant of the same State with themselves. And they shall make a List of all the Persons voted for, and of the Number of Votes for each; which List they shall sign and certify, and transmit sealed to the Seat of the Government of the United States, directed to the President of the Senate. The President of the Senate shall, in the Presence of the Senate and House of Representatives, open all the Certificates, and the Votes shall then be counted. The Person having the greatest Number of Votes shall be the President, if such Number be a Majority of the whole Number of Electors appointed; and if there be more than one who have such Majority, and have an equal Number of Votes, then the House of Representatives shall immediately choose by Ballot one of them for President; and if no Person have a Majority, then from the five highest on the List the said House shall in like Manner choose the President. But in choosing the President, the Votes shall be taken by States, the Representation from each State having one Vote; A quorum for this Purpose shall consist of a Member or Members from two thirds of the States, and a Majority of all the States shall be necessary to a Choice. In every Case, after the Choice of the President, the Person having the greatest Number of Votes of the Electors shall be the Vice President. But if there should remain two or more who have equal Votes, the Senate shall chuse from them by Ballot the Vice President.

The Congress may determine the Time of choosing the Electors, and the Day on which they shall give their Votes; which Day shall be the same throughout the United States.

22.     No state may add qualifications beyond those stated in the U.S. Constitution for ballot eligibility of Wisconsin Electors for the President and Vice President of the United States, and may not directly or indirectly infringe upon

7

federal constitutional protections; see e.g., *United States Term Limits, Inc. v. Thornton,* 514 U.S. 779, 827, 115 S.Ct. 1842, 1866 (1995).

23.    On August 6, 2024, Plaintiffs and 10 Elector Candidates jointly submitted 3,197 signatures of Wisconsin voters (of which 3,014 were verified) to qualify the 10 Elector Candidates as Wisconsin independent Electors at the November 5, 2024 general election; the 10 Elector Candidates submitted nomination papers specifically for the U.S. Constitutionally defined office of "Elector of President and Vice President of the United States." U.S. Const. Art. II, Sec. 1.

24.    The Wisconsin Election Code requires the submission of at least 2,000 signatures in the aggregate from Wisconsin voters. *Wis. Stat. § 8.20(4).*

> The number of required signatures on nomination papers for independent candidates shall be the same as the number specified in s. 8.15 (6). For independent presidential electors intending to vote for the same candidates for president and vice president, the number of required signatures shall be not less than 2,000 nor more than 4,000 electors.

25.    On August 9, 2024, Plaintiffs were notified that one Michael Hoffman, was identified as objector who filed an objector's petition against pledged independent presidential candidate Dr. Shiva Ayyadurai ("Dr.SHIVA"). Please see objector's petition *Michael Hoffman v. Shiva Ayyadurai* ("Objector's Petition") in **Exhibit A**

26.    Pledged independent presidential elector candidates Dr. Shiva Ayyadurai is a resident and voter in the State of Massachusetts, and pledged independent Vice-Presidential candidate, Crystal Ellis is a resident and voter in the State of Nebraska (together "Pledged Candidates").

8

27.     The Objector's Petition requested that the WEC issue a decision addressing Pledged Candidate Dr. Shiva Ayyadurai.

28.     However, by operation of the U.S. Constitution and the Wisconsin Election Code, the offices of President and Vice President of the United States **have never been offices filled (or voted for) by Wisconsin voters at the general election**. See U.S. Constitution, Art. II. As the Wisconsin Election Code *Wis. Stat. § 5.64(1)(em)* states (with emphasis added):

> The names of the candidates for the offices of president and vice president certified under s. 8.16 (7) or filed under s. 8.20 shall appear on the ballot in the form prescribed in s. 7.08 (2) (a). **The names of the presidential electors for the candidates supplied under ss. 8.18 (2) and 8.20 (2) (d) are not listed on the ballot <u>but a vote for the candidates for president and vice president is a vote for them through their named presidential electors</u>.**

29.     The Objector's Petition did not name Plaintiffs, or any of the 10 Elector Candidates as Respondent candidates in the Objector's Petition, and the Objector's Petition does not include any factual allegations directed at Plaintiffs or the 10 Elector Candidates, nor does it seek a decision of the WEC directed at the 10 Elector Candidates' ballot eligibility.

30.     The Objector's Petition did not seek the removal of the 10 Elector Candidates or otherwise challenge the ballot eligibility of the 10 Elector Candidates at the November 5, 2024 general election ballot for the federal office of "Electors for President and Vice President of the United States." US Const., Art. 2 Sect. 1. *Wis. Stat. § 6.02.*

9

31. Pledged Candidate Dr. Shiva Ayyadurai on August 12, 2024 filed a *Motion to Dismiss* as attached herein in **Exhibit B**, disputed the subject matter jurisdiction of the Electoral Board and disputed personal jurisdiction over the 10 Elector Candidates who were not named or served with a copy of the Objector's Petition.

32. On August 27, 2024, the Objector, though called upon at the WEC Proceeding, was absent, and chose not to attend, without any reason provided to the WEC.

33. On August 27, 2024, Plaintiff Frank Marshall presented at WEC Proceeding stating the fact that neither he nor the other 9 Elector Candidates had been served any objection/challenge (his statement attached herein in **Exhibit C)** and that the submissions of the Elector Candidates' Nomination Papers met and exceeded the requirements of the WEC for placing he and the other 9 Elector Candidates on the ballot. He requested that the WEC deny the Objector's Petition given the defective nature of the Objector's Petition, and ensure that the Elector Candidates be placed on the November 5, 2024 ballot.

34. On August 27, 2024, the Pledged Candidate Dr. SHIVA also presented at the WEC Proceeding challenging jurisdiction because the actual candidates for President and VP are not offices that Wisconsin voters will be electing on November 5, 2024, and the WEC lacks subject matter and personal jurisdiction over the Nomination Papers filed by the 10 Elector Candidates, who are the actual candidates that Wisconsin voters will be voting for on November 5, 2024.

35. The WEC Proceeding is available for viewing at the URL: https://www.youtube.com/live/uugiAnwlhUA?si=vnlJieCXzvHHx9Gg. What is

10

revealing from the WEC Proceeding is that there was **no debate** on any of the rational arguments made by either Plaintiff or Pledged Candidate. On a previous objection, in contrast, the WEC at the WEC Proceeding spend endless time discussing the "stapling" or "not stapling" of submissions; however, when it came to this matter of jurisdiction, the SILENCE of the WEC spoke volumes to their utter prejudice of the Plaintiff's arguments. Only Commissioner Don Millis, the one dissenting vote, voiced concerns on the WEC's decision.

36. On August 27, 2024 the WEC sustained the defective Objector's Petition removing the Elector Candidates unlawfully from the Wisconsin Ballot, though the Defendants do not have statutorily created subject matter or personal jurisdiction to remove Elector Candidates from the ballot.

## The Objectors Named the Wrong Parties + Seek Relief Beyond the Statutory Authority of the WEC

37. By operation of the Wisconsin Election Code, an objector's petition may only be filed within 3 calendar days of the last date for filing candidate nomination papers; since the last date for independent candidates to file nomination papers for the November 5, 2024 general election was August 6, 2024, the deadline for an objector's petition was August 9, 2024, and no objector petitions are permitted to be filed after passage of this 3 calendar-day period. *Wis. Adm. Code EL § 2.07.*

38. The Election Code does not authorize an objector to amend or supplement an objector's petition after it is filed, thus strictly enforcing the 3-calendar day filing period. *Wis. Adm. Code EL § 2.07.*

11

39.    Objector named the wrong party in their Objector's Petition; specifically, they named the Pledged Candidate who is neither a Wisconsin resident nor seeking office to be elected by Wisconsin voters on November 5, 2024, nor within the authority of the WEC to be removed from the ballot, or within the authority of the WEC to be denied ballot certification, since these offices are not certified to the ballot by the WEC.

40.    The Wisconsin Election Code, defines the offices voted upon by Wisconsin voters in general elections in even numbered years, and states in part as follows *Wisconsin Statutes § 5.02(5)* (emphasis added):

> **Wisconsin Statutes § 5.02(5).** Such titles of office shall be arranged in the following order:
> **"General election"** means the election held in even-numbered years on the Tuesday after the first Monday in November to elect United States senators, representatives in congress, **presidential electors,....**
>   * * *
>
>
> **Wisconsin Statutes § 8.12(1)** (emphasis added).
>
> (1)  Selection of names for ballot.
> (a) No later than 5 p.m. on the 2nd Tuesday in December of the year before each year in which **electors for president and vice president are to be elected,**
>   * * *

41.    Wisconsin Statutes § 5.02(5) and Wisconsin Statutes § 8.12(1) of the Wisconsin Election Code **does not include the office of "President of the United States" or "Vice President of the United States"** as offices for which Wisconsin voters vote at a general election, and logically, such an office could not be added to the Wisconsin Election Code or to the Wisconsin ballot because the U.S. Constitution preempts Wisconsin law regarding the election of President and Vice President of

12

the United States. U.S. Const., Art. 2, Sect. 1. Wisconsin Statutes § 5.02(5). Wisconsin Statutes § 8.12(1).

42.     By operation of the U.S. Constitution, Article 2 Section 1 Clause 2, and the Wisconsin Election Code, Wisconsin voters elect their Electors for President and Vice President of the United States; thereafter, those Electors that are elected at the general election proceed to vote by ballot in the Electoral College. Thus, it is the Electors that elect the President and Vice President of the United States through a separate ballot.  See https://www.archives.gov/electoral-college.

43.     The election of **Electors** for the President and Vice President (rather than any potential pledged candidates) is confirmed by the Wisconsin Election Code, which states:

> **Wisconsin 8:25(1) Presidential Electors**
>
> By general ballot at the general election for choosing the president and vice president of the United States there shall be elected as many electors of president and vice president as this state is entitled to elect senators and representatives in congress. **A vote for the president and vice president nominations of any party is a vote for the electors of the nominees.**
>
> [***]

44.     The Wisconsin Election Code, applies to election authorities and defines the process for the printing of ballots and the counting of votes for Electors (emphasis added) as follows (emphasis added):

> **Wis. Stat. § 5.64(1)(em)**
>
> The names of the candidates for the offices of president and vice president certified under s. 8.16 (7) or filed under s. 8.20 shall appear on

13

the ballot in the form prescribed in s. 7.08 (2) (a). The names of the presidential electors for the candidates supplied under ss. 8.18 (2) and 8.20 (2) (d) <u>are not listed</u> on the ballot but a vote for the candidates for president and vice president is a vote for them through their named presidential electors.

45.    Therefore, by operation of the Wisconsin Election Code, Elector Candidates' names "are <u>not</u> listed on the ballot, but a vote for the candidates for president and vice president is a vote for them through their named presidential electors" and that a "<u>vote for the president and vice president nominations of any party is a vote for the electors of the nominees,</u>" confirming that Wisconsin voters are voting for and electing the State's Electors, and that such a vote for a Presidential and Vice Presidential (pledged) candidate shall not be deemed and taken as a direct vote for such candidates for President and Vice-President. Wis. Stat. § 5.64(1)(em). Wisconsin 8:25(1).

46.    Thus, Wisconsin voters do not nominate or elect their candidates for President or Vice President, as confirmed by recent events[1]; pledged Presidential and Vice-Presidential candidates are not ballot-eligible in Wisconsin nor are they voted upon by voters in <u>any</u> state, including Wisconsin.

---

[1]    Recent events are illustrative. Donald Trump's **delegates** were elected at the Republican primary (without a VP being identified), and Joe Biden's **delegates** were elected at the Democratic Party primary (also without a VP being identified). Candidates for President however were <u>not</u> nominated at either party's primary election. After strategic considerations by the DNC, Joe Biden announced on July 21, 2024 that he would not seek re-election, and Kamala Harris then announced her intent to seek the Democratic nomination as their Presidential candidate without declaring her VP candidate. Donald Trump was then rumored to be considering replacing his Vice President who was announced at the Republican convention.

14

47.     Political party convention delegates are the ballot eligible candidates elected at a party's primary election; thereafter, established political party Electors (selected at each convention and certified pursuant to Wisconsin Election) **alongside** independent (and new political party) Electors are the only ballot eligible candidates that are voted upon by Wisconsin voters at the November 5, 2024 general election in relation to the offices of President and Vice President of the United States.

<u>Count I</u>
**Declaratory Judgment No Subject Matter Jurisdiction**
**Over Pledged Candidates**

1-47. Plaintiff repeats and restates Par. 1-47 above as if fully stated herein.

48.     The WEC is one of many statutorily-created electoral boards with jurisdiction limited to a review of specifically stated candidate nomination papers as follows:

> The elections commission shall review any verified complaint concerning the sufficiency of nomination papers of a candidate for state office that is filed with the elections commission under ss. 5.05 and 5.06, Stats.; and the local filing officer shall review any verified complaint concerning the sufficiency of nomination papers of a candidate for local office that is filed with the local filing officer under s. 8.07, Stats. The filing officer shall apply the standards in s. EL 2.05 to determine the sufficiency of nomination papers, including consulting extrinsic sources of evidence under s. EL 2.05 (3).
> [***] Wis. Stat. § 8.07, Wis. Adm. Code EL § 2.07, and § 5.05.

50.     Furthermore, Wis. Stat. § 8.18, of the Election Code specifically states (emphasis added) for offices of Electors of President and Vice President of the United States:

> **8.18   Nomination of presidential electors.**
> **(1)** Candidates for the senate and assembly nominated by each political party at the primary, the state officers and the holdover state senators of each

15

political party shall meet in the state capitol at 10 a.m. on the first Tuesday in October of each year in which there is a presidential election.

(2) The purpose of the convention is to nominate one presidential elector from each congressional district and 2 electors from the state at large. The names of the nominees shall be certified immediately by the chairperson of the state committee of each party to the chairperson of the commission.

51.     Therefore, Wis. Stat. § 8.18 does not allow the WEC to oversee objections to the offices of President and Vice President because these two U.S. Constitutionally-created offices are filled by the Electors voting a separate ballot at the Electoral College, and are not defined in the Election Code as offices filled by Wisconsin voters at the general election. Wis. Stat. § 8.18.

52.     The WEC proceedings against Pledged Candidate, Dr. Shiva Ayyadurai, were done without any statutory authority derived from the Wisconsin Election Code as the U.S Constitution preempts such a bold request by objectors to remove a pledged US Presidential candidate who is beyond the jurisdiction of the Wisconsin Election Code.  Wis. Stat. § 8.18. Wis. Stat. § 8.07. Wis. Stat. § 5.05.

54.     The WEC thus lacks subject matter jurisdiction over the Objector's Petition that was filed against Pledged Candidates Dr. Shiva Ayyadurai, since such offices are not within their scope, and the Wisconsin Election Code extends no jurisdiction over the Electoral College ballots or voting process, nor over potential future candidates for President and Vice President of the United States that are elected by Electors voting ballots at the Electoral College. U.S. Const., Art. II, Sec. 1. Wis. Stat. § 8.18. Wis. Stat. § 8.07. Wis. Stat. § 5.05.

55.     The WEC also lacks subject matter jurisdiction over the Objector's Petition that was filed against Pledged Candidate, Dr. Shiva Ayyadurai, since these

16

U.S Constitutional offices are not offices that are filled at the general election or elected by voters at the general election.

56.    In addition, the WEC lacks subject matter jurisdiction over Objectors' petition because the relief requested is not within the authority of the WEC to enter. By operation of the Election Code, the WEC can only issue decisions regarding offices sought by Wisconsin residents upon the Wisconsin ballot. The Pledged Candidates that are not Wisconsin residents or voted upon through a ballot cast in Wisconsin cannot be removed from a ballot they were not part of in the first place.

57.    The names of pledged candidates for President and Vice President are printed upon the ballot to simplify and shorten the ballot, in lieu of the names of the candidates for Electors of President and Vice President of the United States.

58.    The Election Code expressly confirms that a vote for the names of the President and Vice President that are printed by election authorities upon the ballot shall not be taken as a direct vote for such candidates for President and Vice-President, or either of them, but shall only be deemed and taken to be a vote for the entire list or set of electors and alternate electors chosen by that political party or group. Wis. Stat. § 8.07. Wis. Stat. § 5.05.

59.    The Defendants have based their decision to remove Plaintiffs and the 10 Elector Candidates based on processing an Objector's Petition that is defective, which is burdening Plaintiffs' and 10 Elector Candidates' resources and costing hundreds of hours of legal and volunteer efforts.

17

60. By deferring the jurisdictional determination, while removing from the ballot the 10 Elector Candidates, the Defendants are violating the rights guaranteed to the Plaintiffs and all 10 Elector Candidates by the First and Fourteenth Amendments to the United States Constitution as enforced through 42 U.S.C. § 1983.

61. The Defendant's decision to ignore and defer the threshold jurisdictional issue directly damages, obstructs, and harms the ability of the Plaintiffs and all 10 Elector Candidates to promote their campaign platform, to pursue their policy positions, and to promote their pledged candidates prior to the November 5, 2024 general election; the processing of this defective objection, without proper jurisdiction, has resulted in their being removed from the Wisconsin ballot which deters endorsements and fundraising.

62. Plaintiffs also further harmed because they cannot secure judicial review of any adverse decision by the WEC in the circuit court because they are not parties to the WEC proceeding.

63. The Plaintiffs enjoy First Amendment protected ballot access rights – Plaintiffs as candidates, petition circulators, and petition signers - who wish to exercise their First Amendment ballot access rights to support the candidates of their choice, and see their Elector Candidates voted upon at the general election.

64. The Defendants' actions as alleged herein are reckless, willful, arbitrary, and/or capricious thus jeopardizing Plaintiffs' and the 10 Elector Candidates' First Amendment right to petition voters; Defendants are directly obstructing Plaintiffs' right to associate as Electors with a political campaign and to elect the 10 Elector Candidates, and directly jeopardizing the First Amendment rights of all voters that

18

signed the 10 Elector Candidates' petitions for their right to nominate and to vote for Electors of their choice at the November 5, 2024 general election.

65. Defendants have taken Elector Candidates off the Wisconsin ballot based on WEC proceeding with reckless disregard for Plaintiffs' and all 10 Elector Candidates' rights to due process and in derogation of their rights to equal protection under the law.

66. By allowing the WEC Proceeding to have taken place, the WEC impermissibly extended its jurisdiction over the nomination papers for the 10 Elector Candidates through some unknown and unstated authority to remove Pledged Candidates (and all 10 Elector Candidates) from the November 5, 2024 general election ballot.

67. A real and actual controversy exists between the parties.

68. Plaintiffs and the equally situated 10 Elector Candidates have no adequate remedy at law, or through the WEC Proceeding that took place without their being parties to such proceedings, other than this action pursuant to 42 U.S.C. § 1983 for declaratory and equitable relief.

69. Plaintiffs and the 10 Elector Candidates are suffering irreparable harm as a result of the violations complained of herein, since they are not named parties to the WEC Proceeding, but are being subjected to a being taken off the ballot without due process.

70. Since the WEC made its fina decision and WEC continued its proceedings without addressing the WEC's jurisdiction over the pending Objector's Petition, the Plaintiffs and the 10 Elector Candidates are losing valuable time before the election, and will not have the ability to obtain a decision regarding the

19

WEC's jurisdiction, after which election authorities will place their ballot orders to print ballots, and commence mailing overseas and military ballots in September, with vote by mail ballots going out thereafter.

71.     A declaration of the Plaintiffs' rights and WEC's subject matter jurisdiction on an expedited basis would be in the public interest and would assist Plaintiffs, Defendants, and all Wisconsin voters, and would provide guidance to the Defendants in their official capacities as the WEC for the WEC Proceeding and for future objector petitions filed against pledged candidates for the offices of President and/or Vice President, rather than against the Wisconsin residents who are the Electors for whom Wisconsin voters will be voting at the general election on November 5, 2024.

WHEREFORE, Plaintiffs Pro Se, respectfully request entry of a declaratory judgment as follows:

(1) Assume original jurisdiction over this case;

(2) Issue a temporary restraining order and/or preliminary injunction as follows:

(a) directing the WEC to nullify the Final Decision of the WEC Proceeding for lack of subject matter jurisdiction;

(b) permanently enjoining Defendants from removing Plaintiffs and the 10 Elector Candidates from November 5, 2024 general election ballot for the offices of independent Electors for President and Vice President of the United States;

20

(c) directing Defendants to certify all 10 Elector Candidates for the offices of independent Electors for President and Vice President of the United States on the November 5, 2024 general election ballot;

(3)    Issue a declaratory judgment consistent with foregoing preliminary injunction that the WEC did not have statutory authority for the WEC Proceeding nor subject matter jurisdiction to remove pledged candidates for President and Vice President from the Wisconsin general election ballot;

(4)    Issue a permanent injunction consistent with foregoing declaratory judgment, and preliminary and permanent injunctions;

(5)    Order Defendants to pay to Plaintiffs Pro Se their costs and efforts for organizing this lawsuit under 42 U.S.C. § 1988(b); and

(6)    Retain jurisdiction over this matter to enforce this honorable court's order, and any other relief that is just and appropriate.

## Count II
### Declaratory Judgment – in the alternative No Personal Jurisdiction Over Plaintiffs or 10 Elector Candidates

1-71.    Plaintiff repeats and restates Par. 1-71 above as if fully stated herein.

The 10 Elector Candidates are the Wisconsin residents that submitted nomination papers as independent Electors for President and Vice President of the United States for the November 5, 2024 general election, and it is their nomination papers that were reviewed by the WEC for compliance with the Election Code.

72.    The 10 Elector Candidates are not named as candidates or respondents in the Objector's Petition.

21

73. The 10 Elector Candidates were not served with a copy of the Objector's Petition or any other notice of proceedings against them or against their candidate nomination papers by the WEC.

74. The Election Code requires the WEC to serve a copy of the objector's petition upon each Wisconsin candidate against whom an Objector's petition was filed as stated in Wis. Adm. Code EL § 2.07 in part (emphasis added) as follows:

> Any challenge to the sufficiency of a nomination paper shall be made by verified complaint, filed with the appropriate filing officer. The complainant shall file both an original and a copy of the challenge at the time of filing the complaint. Notwithstanding any other provision of this chapter, the failure of the complainant to provide the filing officer with a copy of the challenge complaint will not invalidate the challenge complaint. The filing officer shall make arrangements to have a copy of the challenge **delivered to the <u>challenged candidate</u> within 24 hours of the filing of the challenge complaint**. The filing officer may impose a fee for the cost of photocopying the challenge and for the cost of delivery of the challenge to the respondent. The form of the complaint and its filing shall comply with the requirements of ch. <u>EL 20</u>. Any challenge to the sufficiency of a nomination paper shall be filed within 3 calendar days after the filing deadline for the challenged nomination papers. The challenge shall be established by affidavit, or other supporting evidence, demonstrating a failure to comply with statutory or other legal requirements.

75. The WEC did not at any time ensure such objection being "**delivered to the <u>challenged candidate</u> within 24 hours of the filing of the challenge complaint.**" as required by Wis. Adm. Code EL § 2.07.

76. The WEC in reviewing the nomination papers of Plaintiffs as a candidate for Elector for President and Vice President of the United States, and the nomination papers of the 10 Elector Candidates, did so without notice or due

22

process provided to each of the 10 Elector Candidates as mandated by Wis. Adm. Code EL § 2.07.

77. The WEC has not addressed the WEC's failure to serve a copy of the Objector's Petition upon the 10 Elector Candidates, or the WEC's failure to acquire personal jurisdiction over the 10 Elector Candidates who are the actual Wisconsin residents and candidates seeking ballot access at the November 5, 2024 general election.

78. The WEC has already reviewed the 10 Elector Candidates' nomination papers and has removed the 10 Elector Candidates from the ballot without notice and an opportunity to respond provided to each of them.

79. Plaintiffs and the 10 Elector Candidates are not represented in the WEC Proceeding, and they have not been named as parties in that proceeding; objectors have not alleged facts directed at the 10 Elector Candidates but are proceeding to challenge the voter signatures on the 10 Elector Candidates' nomination papers all the same.

80. The WEC has not acquired personal jurisdiction over the 10 Elector Candidates who are the Wisconsin residents and candidates that are identified upon the nomination paper that the WEC is currently reviewing in its WEC Proceeding.

81. It is indeed a well-settled principle of law that concepts of due process apply to administrative hearings, and the parties are guaranteed the right to a fair and impartial tribunal.

82. Fundamental fairness and due process are being denied to Plaintiffs as a voter, petition circulator, and candidate for independent Elector desiring to see

23

Electors of their choice including the 10 Elector candidates being ballot qualified and eligible to be voted upon at the general election; and denied to the 1,294 petition signers that signed the 10 Elector Candidates' nomination papers and seek the right to associate, nominate, and vote for the 10 Elector Candidates as their candidates at the November 5, 2024 general election ballot.

WHEREFORE, Plaintiffs, through their attorneys, respectfully request entry of a declaratory judgment as follows:

(1)    Assume original jurisdiction over this case;

(2)    Issue a temporary restraining order and/or preliminary injunction as follows:

    (a) directing the WEC to nullify the WEC Proceeding for lack of personal jurisdiction over the 10 Elector Candidates and their nomination papers;

    (b) permanently enjoining Defendants from removing Plaintiffs and the 10 Elector Candidates based on the decision from the WEC Proceeding;

    (c) directing Defendants to certify all 10 Elector Candidates for the offices of independent Electors for President and Vice President of the United States on the November 5, 2024 general election ballot;

(3)    Issue a declaratory judgment consistent with foregoing preliminary injunction that the WEC does not have statutory authority to create subject matter jurisdiction over objection petition seeking to remove pledged candidates for President and Vice President from the general election ballot;

24

(4)     Issue a permanent injunction consistent with foregoing declaratory judgment and preliminary injunction;

(5)     Order Defendants to pay to Plaintiffs Pro Se their costs and efforts for organizing this lawsuit under 42 U.S.C. § 1988(b); and

(6)     Retain jurisdiction over this matter to enforce this honorable court's order, and any other relief that is just and appropriate.

### Count III Declaratory Judgment – in the alternative
### Defective Objector's Petition Divests WEC of Subject
### Matter Jurisdiction Over 10 Elector Candidates

1-82.   Plaintiff repeats and restates Par. 1-82 above as if fully stated herein.

83.     The Wisconsin Election Code only applies to the election of Wisconsin candidates that are voted upon by Wisconsin voters at the Wisconsin general election.

84.     An Wisconsin voter may file an Objector's petition against an Wisconsin candidates' nomination papers for an Wisconsin election only if the objector is a registered voter in the same district or political division as the objector.

85.     Objectors in WEC Proceeding have not filed an Objector's petition against the 10 Elector Candidates, have not fully stated the nature of any objection against the 10 Elector Candidates, and have not alleged facts that are directed at the 10 Elector Candidates' nomination papers.

86.     All allegations in the WEC Proceeding are directed at Pledged Candidates and seek the removal of Pledged Candidates from the Wisconsin general election ballot; however, Objectors are not Electors or have any standing to

25

raise objections to Pledged Candidates that are elected through Electoral College ballot voting, not through a Wisconsin ballot.

87.　The WEC thus did not acquire subject matter jurisdiction over the nomination papers of the 10 Elector Candidates as the Wisconsin residents desiring ballot access at the Wisconsin general election.

88.　Absent a proper objection from a duly qualified objector that named the correct Wisconsin residents that seek placement upon the Wisconsin ballot as Wisconsin's candidates for Electors for the President and Vice President of the United States at the November 5, 2024 general election ballot, the 10 Elector Candidates' nomination papers are presumed valid.

89.　Without a proper Objector's petition, the WEC lacks subject matter jurisdiction over Plaintiffs and the 10 Elector Candidates' nomination papers; the WEC had no statutory authority to undertake its own *sua sponte* investigation or review of any candidate's nomination papers, including those filed by the 10 Elector Candidates.

90.　Without subject matter jurisdiction being established, the WEC is without statutory authority to undertake an WEC proceeding to review the 10 Elector Candidates' nomination papers, and such a proceeding is in derogation of the Election Code, and Plaintiffs' First and Fourteenth Amendment rights.

91.　The WEC has ignored and/or refused to recognize that the Objector's petition does not seek relief against Wisconsin residents as named candidates but instead the WEC seeks to extended Wisconsin Election laws beyond the State's territorial boundaries, by continuing the WEC Proceeding against the Pledged Candidates, who are not residents or voters in Wisconsin, and who are not Wisconsin

26

candidates for whom Wisconsin voters will be voting at the November 5, 2024 general election to fill offices defined by the Wisconsin Election Code at general elections.

92.    The WEC has already reviewed and taken adverse action against the 10 Elector Candidates' nomination papers remove them off the Wisconsin ballot without a proper Objector's petition filed against any Wisconsin residents or Wisconsin voters that are seeking ballot placement upon an Wisconsin ballot.

93.    By agreeing with the WEC Proceeding based upon an Objector's petition that is legally and factually insufficient and defective because it does not name Wisconsin residents seeking ballot placement on a Wisconsin ballot or seek relief against actual Wisconsin residents on the Wisconsin ballot, the WEC is denying fundamental fairness and due process to Plaintiffs and all 10 Elector Candidates.

WHEREFORE, Plaintiffs, through their attorneys, respectfully request entry of a declaratory judgment as follows:

(1) Assume original jurisdiction over this case;

(2) Issue a temporary restraining order and/or preliminary injunction as follows:

(a)    directing the WEC to nullify the WEC's decosopm because the Objector's Petition is legally and factually insufficient to confer subject matter jurisdiction over the nomination papers submitted by the 10 Elector Candidates;

27

(b) permanently enjoining Defendants from removing Elector Candidates from the Wisconsin ballot based on decision from the WEC Proceeding;

(c) directing Defendants to certify all 10 Elector Candidates for the offices of independent Electors for President and Vice President of the United States on the November 5, 2024 general election ballot;

(3) Issue a declaratory judgment consistent with foregoing preliminary injunction that the WEC lacks subject matter jurisdiction over the 10 Elector Candidates' nomination papers because the Objector's Petition is legally and factually insufficient and defective;

(4) Issue a permanent injunction consistent with foregoing declaratory judgment and preliminary injunction;

(5) Order Defendants to pay to Plaintiffs Pro Se their costs and efforts for organizing this lawsuit under 42 U.S.C. § 1988(b); and

(6) Retain jurisdiction over this matter to enforce this honorable court's order, and any other relief that is just and appropriate.

Respectfully submitted:

By: /s/Frank Marshall
Plaintiff Pro Se

By: /s/ Vicki Marshall
Plaintiff Pro Se

Dated: August 28, 2024

Frank Robert Marshall
4270 White pine Dr.

28

Green Bay WI 54313
Ph: 920-362-3319
Em: josephinespizza@sbcglobal.net

Vickie Joy Marshall
4270 White Pine Dr.
Green Bay WI 54313
Ph: 920-362-7526
Em: vickiemarshall86@yahoo.com

## Certificate of Service

We, the Plaintiffs Pro Se, certify that on August 28, 2024 we electronically

filed this document with the Clerk of the Court via email, and have separately

served a copy of this filing upon the Defendants shown below via email delivery to:

**Wisconsin Election Commission** via Email to: Chief Legal Counsel

James Witecha at james.witecha@wisconsin.gov

/s/Frank Marshall
Plaintiff Pro Se

/s/ Vicki Marshall
Plaintiff Pro Se

29

**Verification pursuant to 28 U.S.C. § 1746**

The undersigned, VICKIE JOY MARSHALL, declares and verifies under penalty of perjury under the laws of the United States of America that the facts contained in the foregoing Verified Complaint are true and correct.

By _Vickie Joy Marshall_

Date _8/27/24_

**Verification pursuant to 28 U.S.C. § 1746**

The undersigned, FRANK ROBERT MARSHALL, declares and verifies under penalty of perjury under the laws of the United States of America that the facts contained in the foregoing Verified Complaint are true and correct.

By: _Frank Robert Marshall_

Date: _8-27-2024_

30