IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN



Frank Marshall and,
Vicki Marshall,
        Plaintiffs,
        v.

WISCONSIN ELECTION COMMISSION,
Ann S. Jacobs, Chair, Mark L. Thomsen,
Vice-Chair, Carrie Riepl, Robert F. Spindell,
Jr., Marge Bostelmann, and Meagan Wolfe,
in their official capacities

        Defendants.

Civil Action No. 24-C-1095

## Emergency Motion For Temporary Restraining Order and Preliminary Injunction

Plaintiffs Pro Se Frank Marshall and Vicki Marshall, respectfully request entry of a temporary restraining order and preliminary injunction against Defendants, to enjoin them from removing Plaintiffs and eight (8) other independent presidential elector candidates (hereinafter collectively referred to as "Elector Candidates") from the Wisconsin Ballot for the November 5, 2024 General Election because the Defendants do not have statutorily created subject matter or personal jurisdiction to do so. All Elector Candidates are registered voters met and exceeded every requirement demanded of them by the Wisconsin Election Code ("Election Code") in completing their Nomination Papers to become bona fide Elector Candidates.

1

Plaintiffs are being harmed because they are not parties to the Defendants' review of their Nomination Papers and the Defendants' subsequent rulings and defective conclusions resulting in Elector Candidates' being removed from the Wisconsin ballot as candidates for the Office of Elector. Shortly, election authorities will order the printing of paper ballots, and commence mailing overseas and military ballots in September. The Plaintiffs had no recourse through the Wisconsin Election Commission, since they were not parties to the underlying action taken by Defendants against their Nomination Papers submitted as Elector Candidates for the November 5, 2024 general election.

## Introduction

Plaintiffs filed a verified complaint respectfully requesting entry of judgment and other relief pursuant to 42 U.S.C. § 1983 against Defendants WISCONSIN ELECTION COMMISSION ("WEC) and the following members: Ann S. Jacobs, Chair, Mark L. Thomsen, Vice-Chair, Carrie Riepl, Robert F. Spindell, Jr., Marge Bostelmann, and Meagan Wolfe, and in support state as follows.

Plaintiffs Pro Se are Wisconsin voters, Elector Candidates, petition signers, and circulators for the Elector Candidates. Plaintiffs have exercised their First Amendment right to associate and nominate candidates of their choice to be able to vote for their candidates at the November 5, 2024 general election. Plaintiffs seek to preserve their First and Fourteenth Amendment rights which are being denied by the Defendants. Plaintiffs respectfully request that this Honorable Court enter a temporary restraining order and preliminary injunction restraining order pursuant to Federal Rules of Civil Procedure, Rule 65(a) and (b), enjoining Defendants from

2

Case 1:24-cv-01095-WCG    Filed 08/30/24    Page 2 of 9    Document 3

printing ballots without including the Elector Candidates and enter a decision regarding Elector Candidates' Nomination Papers, which have never been in dispute.

Plaintiffs seek relief because Defendants are proceeding to remove their names from the ballot (a) without personal jurisdiction over the Plaintiffs and the Elector Candidates; (b) without subject matter jurisdiction over the Nomination Papers filed by Plaintiffs and the Elector Candidates; and, (c) allowing the a objector's petition to proceed against the Elector Candidates' pledged candidates for President and Vice President of the United States without subject matter jurisdiction over such an Objector's petition. The ongoing proceedings attacking Plaintiffs' and Elector Candidates' Nomination Petitions were undertaken in derogation of Plaintiffs' First Amendment ballot access rights, and their Fourteenth Amendment rights to due process and equal protection.

## A. Relevant facts from Plaintiffs' Verified Complaint

On August 6, 2024, Plaintiffs and 10 Elector Candidates jointly submitted 3,197 signatures of Wisconsin voters (of which 3,014 were verified) to qualify the 10 Elector Candidates as Wisconsin independent Electors at the November 5, 2024 general election as follows:

| | Name | Residence & P.O. Address (Include Municipality and State) |
|---|---|---|
| President | Shiva Ayyadurai | 69 Snake Hill Road Belmont, MA 02478 |
| Vice President | Crystal Ellis | 11909 N. 58th St. Omaha, NE 68152 |
| **Presidential Electors:** | | |
| 1st Congressional District | Lisa M Sevey | 1189 N School St. Silver Lake WI 53170 |
| 2nd Congressional District | Enes Cakir | 121 W German St. Unit 1001 Madison WI 53703 |
| 3rd Congressional District | Nathan Bord | 5320 Richland Heights Ct Wisconsin Rapids WI 54494 |
| 4th Congressional District | John F O'Brien | 2497 N Oakland Ave Apt 209 Milwaukee WI 53211 |
| 5th Congressional District | Lisa Case Burgos | 2737 W Bottsford Ave Greenfield WI 53221 |
| 6th Congressional District | Richard Thomas Demulc | 5232 Wild Meadow Dr. Sheboygan WI 53083 |
| 7th Congressional District | Danielle Dione Koprowski | W3590 Highway 63 Springbrook WI 54875 |
| 8th Congressional District | Frank Robert Marshall | 4270 White Pine Dr. Pittsfield/Green Bay WI 54313 |
| At Large | Vickie Joy Marshall | 4270 White Pine Dr. Pittsfield/Green Bay WI 54313 |
| At Large | Joseph G Stodola | W8441 State Highway 64 Pound WI 54161 |

The Plaintiffs and Elector Candidates gathered signatures from Wisconsin voters for ballot placement for the US Constitutionally defined office of "Elector of President and Vice President of the United States." US Const. Art. II, Sec. 1. On August 9, 2024, One Michael Hoffman is identified as "Objector" who filed an objector's petition against pledged independent presidential candidate Dr. Shiva Ayyadurai ("Dr.SHIVA"). Please see objector's petition *Michael Hoffman v. Shiva Ayyadurai* ("Objector's Petition") which is attached to Verified Complaint as **Exhibit A**.

Pledged independent presidential elector candidates Dr. Shiva Ayyadurai is a resident and voter in the State of Massachusetts, and pledged independent Vice-Presidential candidate, Crystal Ellis is a resident and voter in the State of Nebraska (together "Pledged Candidates").

The Objector's Petition requested that the WEC issue a decision addressing Pledged Candidates, as follows:

> **PRAYER FOR RELIEF**
>
> WHEREFORE, the Complainant requests the following relief:
>
> A. That WEC deny Respondent's request for access to the ballot for the upcoming November 5, 2024 Presidential Election and determine that Respondent is not eligible to be placed on such ballot for the reasons set forth herein; and
>
> B. Such equitable and other relief as is just and appropriate.

Wisconsin voters do not vote for or elect the offices of President or Vice President of the United States at the Wisconsin general election on November 5, 2024 by application of the US Constitution, Art. II, Sec. 1 and the Wisconsin Election Code

4

Wis. Stat. § 5.64(1)(em), Wisconsin 8:25(1), Wisconsin voters vote for, and select their state Elector candidates.

The Objector's Petition did not name Plaintiffs or any of the other Elector Candidates as Respondents in the Objector's Petition, and the Objector's Petition does not include any factual allegations directed at Plaintiffs or the other Elector Candidates nor seek a decision of the WEC directed at the 10 Electors Candidates' ballot eligibility.

The Objector's Petition did not seek the removal of the 10 Elector Candidates or otherwise challenge the ballot eligibility of the 10 Elector Candidates at the November 5, 2024 general election ballot for the federal office of "Electors for President and Vice President of the United States." US Const., Art. 2 Sect. 1. *Wis. Stat. § 6.02*.

Pledged Candidate Dr. Shiva Ayyadurai on August 12, 2024 filed a *Motion to Dismiss* as attached herein in **Exhibit B**, disputed the subject matter jurisdiction of the Electoral Board and disputed personal jurisdiction over the 10 Elector Candidates who were not named or served with a copy of the Objector's Petition.

On August 27, 2024, the Objector, though called upon at the WEC Proceeding, was absent, and chose not to attend, without any reason provided to the WEC.

On August 27, 2024, Plaintiff Frank Marshall presented at WEC Proceeding stating the fact that neither he nor the other 9 Elector Candidates had been served any objection/challenge (his statement attached herein in **Exhibit C)** and that the submissions of the Elector Candidates' Nomination Papers met and exceeded the requirements of the WEC for placing he and the other 9 Elector Candidates on the ballot. He requested that the WEC deny the Objector's Petition given the defective

5

nature of the Objector's Petition, and ensure that the Elector Candidates be placed on the November 5, 2024 ballot.

On August 27, 2024, the Pledged Candidate Dr. SHIVA also presented at the WEC Proceeding challenging jurisdiction because the actual candidates for President and VP are not offices that Wisconsin voters will be electing on November 5, 2024, and the WEC lacks subject matter and personal jurisdiction over the Nomination Papers filed by the 10 Elector Candidates, who are the actual candidates that Wisconsin voters will be voting for on November 5, 2024.

The WEC Proceeding is available for viewing at the URL: https://www.youtube.com/live/uugiAnwlhUA?si=vnlJieCXzvHHx9Gg. What is revealing from the WEC Proceeding is that there was **no debate** on any of the rational arguments made by either Plaintiff or Pledged Candidate. On a previous objection, in contrast, the WEC at the WEC Proceeding spend endless time discussing the "stapling" or "not stapling" of submissions; however, when it came to this matter of jurisdiction, the SILENCE of the WEC spoke volumes to their utter prejudice of the Plaintiff's arguments. Only Commissioner Don Millis, the one dissenting vote, voiced concerns on the WEC's decision.

On August 27, 2024 the WEC sustained the defective Objector's Petition removing the Elector Candidates unlawfully from the Wisconsin Ballot, though the Defendants do not have statutorily created subject matter or personal jurisdiction to remove Elector Candidates from the ballot.

B.   **Standard for preliminary injunction.**

Plaintiffs are entitled to a preliminary injunction if they have a likelihood of success on the merits, the irreparable harm that will result to each side if the stay is

6

either granted or denied in error, and whether the public interest favors one side or the other. *In re A&F Enters., Inc.*, 742 F.3d 763, 766 (7th Cir. 2014). This standard "mirrors that for granting a preliminary injunction." Id. As with a motion for a preliminary injunction, a "sliding scale" approach applies; the greater the moving party's likelihood of success on Case 2:21-cv-00447-LA Filed 08/31/21 Page 1 of 5 Document 38 2 the merits, the less heavily the balance of harms must weigh in its favor, and vice versa. *Id.*

Plaintiffs have met the requirements for injunctive relief, as they have no adequate remedy at law for denial of their First Amendment right to associate and nominate the candidates of their choice, and their right to vote for their candidates at the general election. There is no cost or burden involved to the Defendants, but rather, State funds would be saved by curtailing a proceeding that is not otherwise authorized by the Election Code. The balancing of harms also weighs heavily in favor of Plaintiffs, and based upon the provisions of the Election Code, they are likely to prevail upon the merits.

## C. Injunctive relief requested.

Plaintiffs respectfully request that this Honorable Court enjoin the Defendants from removing the Plaintiffs and the 10 other Elector Candidates from the Wisconsin Ballot for the November 5, 2024 General Election, for the duration of this litigation, and for all other relief this Court deems just.

Plaintiff Pro Se Frank Marshall certifies that Defendants have received the Plaintiffs' Verified Complaint and this Motion. Plaintiffs are also serving each Defendant with summons and complaint on an expedited basis via email.

Wherefore, Plaintiffs, for the foregoing reasons respectfully request entry of a preliminary injunction enjoining Defendants from proceeding with removal of Plaintiffs and the 9 other Elector Candidates based upon the defective Objector's petition filed at the WEC proceeding captioned *Michael Hoffman v. Shiva Ayyadurai*, ("WEC proceeding"), and any other relief that is just and appropriate and/or agreed to between the parties, to protect Plaintiffs' First and Fourteenth Amendment rights.

Respectfully submitted:

By: /s/Frank Marshall
Plaintiff Pro Se

By: /s/ Vicki Marshall
Plaintiff Pro Se

Dated: August 29, 2024

Frank Robert Marshall
4270 White pine Dr.
Green Bay WI 54313
Ph: 920-362-3319
Em: josephinespizza@sbcglobal.net

Vickie Joy Marshall
4270 White Pine Dr.
Green Bay WI 54313
Ph: 920-362-7526
Em: vickiemarshall86@yahoo.com

## Certificate of Service

We, the Plaintiffs Pro Se, certify that on August 29, 2024 we electronically filed this document with the Clerk of the Court via email, and have separately served a copy of this filing upon the Defendants shown below via email delivery to:

**Wisconsin Election Commission** via Email to: Chief Legal Counsel James Witecha at james.witecha@wisconsin.gov

/s/Frank Marshall
Plaintiff Pro Se

/s/ Vicki Marshall
Plaintiff Pro Se