UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANK MARSHALL et al.,

        Plaintiffs,

v.                          Case No. 24-C-1095

WISCONSIN ELECTION
COMMISSION et al.,

        Defendants.

## MEMORANDUM AND ORDER

On August 28, 2024, Plaintiffs Frank Marshall and Vicki Marshall filed this action under 42 U.S.C. § 1983 against Defendant Wisconsin Election Commission (WEC) and Defendants Ann S. Jacobs, Mark L. Thomsen, Carrie Riepl, Robert F. Spindell, Jr., Marge Bostelmann, and Meagan Wolfe in their official capacities, alleging violations of their First and Fourteenth Amendment rights. Prior to commencing this suit, on August 6, 2024, Plaintiffs submitted nomination papers with WEC to nominate presidential candidate Shiva Ayyadurai for placement on the November 5, 2024, general election ballot and to serve as presidential electors. On August 27, 2024, in response to an objector's petition, WEC voted to exclude Ayyadurai from the general election ballot under Wis. Stat. § 8.30(4). Plaintiffs allege the exclusion violates their First Amendment rights to ballot access and assembly, and their Fourteenth Amendment rights to due process and equal protection. For the following reasons, the case will be dismissed.

The court is authorized to screen complaints, regardless of a plaintiff's fee status, to "save everyone time and legal expense." *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiffs are pro se, serves

the important function of protecting putative defendants from unnecessary fear and anxiety and the expense of hiring an attorney in order to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. *Id*. When exercising this discretion, however, a judge "must take care that initial impressions, and the lack of an adversarial presentation, not lead to precipitate action that backfires and increases the duration and cost of the case." *Id*. In screening a complaint, the court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, the court has "authority to dismiss frivolous or transparently defective suits spontaneously." *Hoskins*, 320 F.3d at 763. A claim is legally frivolous if it is based on an "indisputably meritless legal theory." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (citing *Neitzke v. Williams,* 490 U.S. 319, 327–28 (1989)). Here, Plaintiffs proffer a meritless legal theory that renders the claims in their complaint baseless.

Plaintiffs claim WEC "lacked statutory authority that confers subject matter jurisdiction over nomination papers and lacked personal jurisdiction over Plaintiffs . . . since they were neither named as respondent parties in the WEC proceeding nor were they served with a proper objector's petition." Dkt. No. 1 ¶ 2. Plaintiffs ask the court to nullify WEC's decision to exclude Ayyadurai as a candidate from the ballot. *Id.* ¶ 3. Plaintiffs further ask the court to reinstate Ayyadurai as a candidate such that Plaintiffs remain part of the slate of presidential electors. But Plaintiffs' allegations are without merit and WEC had clear statutory authority to take the action it did— exclusion of presidential candidate Ayyadurai from the general election ballot.

2

"Independent nominations may be made for any office to be voted for at any general or partisan special election." Wis. Stat. § 8.20(1). One nominates independent candidates by filing nomination papers. *Id.* § 8.20(2)(a). "Nomination papers for president and vice president shall list one candidate for presidential elector from each congressional district and [two] candidates for presidential elector from the state at large who will vote for the candidates for president and vice president, if elected." Wis. Stat. § 8.20(2)(d). Nomination papers for candidates for president and vice president must also contain, "not less than 2,000 nor more than 4,000" signatures, *id.* § 8.20(4). Additionally, and most important here, "[n]omination papers shall be accompanied by a declaration of candidacy under [section] 8.21." *Id.* 8.20(6). A "declaration of candidacy shall state "[t]hat the signer meets, or will at the time he or she assumes office meet, applicable age, citizenship, residency, or voting qualification requirements, if any, prescribed by the constitutions and laws of the United States and of this state." Wis. Stat. 8.21(2)(b).

Circling back to WEC's duties and obligations, Wis. Stat. § 8.30(4) states: "The official or agency with whom a declaration of candidacy is required to be filed may not place a candidate's name on the ballot if the candidate fails to file a declaration of candidacy within the time prescribed under [section] 8.21." This is the statutory authority WEC invoked on August 27, 2024, in voting to exclude candidate Ayyadurai from the ballot. Wisconsin Elections Commission, BALLOT ACCESS MEETING: AUGUST 27, 2024, OPEN MEETING MINUTES 3 (2024), available at https://elections.wi.gov/event/special-meeting-8272024 ("[T]he Commission exercises its authority under Wis. Stat. § 8.30(4) to exclude [Candidate Shiva Ayyadurai and Candidate Crystal Ellis] from the ballot because Candidate Ayyadurai does not meet the constitutional requirements for the Office of President of the United States. The Commission directs staff not to add Shiva Ayyadurai and his running mate Crystal Ellis to the list of candidates to be approved for ballot

3

access."). Because candidate Ayyadurai is not a natural born citizen of the United States, he could not submit a valid declaration of candidacy as required by Wis. Stat. § 8.20(6), and therefore, WEC was required by statute to prohibit his name from being on the ballot. Wis. Stat. § 8.30(4).

The court need not wade into Plaintiffs' convoluted arguments about the Electoral College process or who Wisconsin voters truly vote for when they go to the polls in November. Ayyadurai is not qualified to hold the office of president of the United States and WEC had all the statutory authority necessary to reject his placement on the ballot. Further discussion of Plaintiffs' claims is not warranted and would give credence where it is not due. Accordingly, because the complaint is legally frivolous on its face, it is **DISMISSED**. Plaintiffs' motions for temporary restraining order and preliminary injunction (Dkt. No. 3) are **DENIED** as moot. The Clerk is directed to enter Judgment.

**SO ORDERED** at Green Bay, Wisconsin this 10th day of September, 2024.

s/William C. Griesbach
William C. Griesbach
United States District Judge